# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| FRANK STERKEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:17-05263-CV-RK |
| | ) |
| NANCY A. BERRYHILL, ACTING | ) |
| COMMISSIONER OF SSA; | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **AFFIRMED**.

## Standard of Review

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart,* 349 F.3d 549, 555 (8th Cir. 2003)). The Court must

"defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined that the Plaintiff suffers from the following severe impairments: Leriche's syndrome; history of stroke; diabetes mellitus; right rotator cuff tear; and major depressive disorder. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equals the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite his limitations, Plaintiff retained the residual functional capacity ("RFC") to perform a range of sedentary work. Plaintiff can lift, carry, push, or pull ten pounds on an occasional and frequent basis. Plaintiff can stand or walk two hours out of an eight-hour day and can climb stairs or ramps occasionally. Plaintiff must avoid climbing ladders, ropes, or scaffolds. Plaintiff is able to balance, stoop, kneel, crouch, and crawl occasionally. Plaintiff can reach overhead occasionally with his dominant right upper extremity. Plaintiff must avoid exposure to extreme cold, extreme heat, and hazards such as moving machinery and unprotected heights. Plaintiff is able to understand, remember, and carry out simple instructions and perform simple, routine repetitive tasks consistent with unskilled work of an SVP of 1 or 2. Although the ALJ found Plaintiff to be unable to perform any past relevant work, the ALJ found Plaintiff to not be disabled, and that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform.

On appeal, Plaintiff makes the following arguments: (1) whether the ALJ's RFC determination as to Plaintiff's physical functional capabilities was supported by substantial evidence, and (2) whether the ALJ's determination of Plaintiff's credibility was proper.

First, Plaintiff argues the ALJ failed to properly determine Plaintiff's RFC as to Plaintiff's physical functional capabilities. The ALJ determined that Plaintiff's physical functional capabilities included the ability to perform sedentary work with postural and environmental limits. Specifically, Plaintiff argues the ALJ had a duty to develop the record because there is no medical opinion evidence concerning Plaintiff's physical functional capabilities.[1]

---

[1] While Plaintiff cites *Nevland v. Apfel* in support of his position, the Court finds *Nevland* distinguishable because in *Nevland*, no medical *evidence* existed in the record about Nevland's functional

The RFC determination does not need to be supported by a specific medical opinion if significant medical evidence in the record exists to support the ALJ's RFC determination. *Steed v. Astrue*, 524 F.3d 872, 875-76 (8th Cir. 2008) (even if the medical record does not contain a specific medical opinion, mild or unremarkable objective medical findings and other medical evidence may constitute evidence sufficient to support an RFC finding). *See also Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (the RFC is a medical question and must be supported by some medical evidence; however, the RFC is not required to be supported by a specific medical opinion). Here, the record provides, and the ALJ's decision references, numerous physical examination and diagnostic testing results that were mild and unremarkable.[2]

Despite Plaintiff's argument to the contrary, because there is sufficient medical evidence in the record to determine Plaintiff's physical functional capabilities, the ALJ does not have a duty to develop the record as to Plaintiff's physical functional capabilities. *See Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994) ("The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled."); *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) (the ALJ does not need to develop the record unless a crucial issues is undeveloped).

Second, Plaintiff argues the ALJ improperly assessed Plaintiff's credibility concerning Plaintiff's testimony at the hearing and his subjective complaints in the record. "This court will not substitute its opinion for the ALJ's, who is in the better position to gauge credibility and resolve conflicts in the evidence." *Travis v. Astrue*, 477 F.3d 1037, 1042 (8th Cir. 2007). Further, the Court will "defer to the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Here, the ALJ discounted Plaintiff's credibility because

---

capabilities. 204 F.3d 853, 858 (8th Cir. 2000) (emphasis added). Here, there is substantial medical evidence in the record indicative of Plaintiff's functional capabilities.

[2] For instance, Plaintiff's Leriche's syndrome is adequately controlled; Plaintiff's headaches are not frequent or severe; Plaintiff's neurological examinations have been within normal limits; Plaintiff's blood sugar levels as related to his diabetes mellitus are under control; right shoulder injections have improved Plaintiff's pain and functioning as to his right shoulder; and Plaintiff exhibits full motor strength in his right shoulder with equal grip strength bilaterally.

Plaintiff's subjective complaints were inconsistent with the overall medical record[3] and inconsistent with Plaintiff's ability to perform activities of daily living.[4] *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984) (an ALJ may consider the absence of objective medical evidence supporting the plaintiff's subjective complaints in the credibility analysis). Accordingly, substantial evidence supports the ALJ's credibility determination.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision. Accordingly, the decision of the ALJ is **AFFIRMED**.

**IT IS SO ORDERED.**

                                        s/ Roseann A. Ketchmark
                                        ROSEANN A. KETCHMARK, JUDGE
                                        UNITED STATES DISTRICT COURT

DATED: February 11, 2019

---

[3] For instance, Plaintiff complains that he is unable to work due to his poorly controlled diabetes; however, the medical record indicates Plaintiff's diabetes is adequately controlled. Further, while Plaintiff testified he has poor circulation and weakness in his lower extremities, the medical records indicate that Plaintiff's Leriche's syndrome is adequately controlled and a physical examination indicated that Plaintiff is able to ambulate with normal gait and station. Finally, Plaintiff alleges his headaches are severe, but the medical record found no evidence that Plaintiff's headaches are frequent or severe.

[4] The record indicates that Plaintiff is able to perform the following activities of daily living: attend to his own personal care needs; prepare meals; perform household chores; leave his home without accompaniment; arrange for transportation; shop in stores; and manage his finances.